UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHANGYI YANG, | CASE NO. 07CV240 WQH (NLS) |
|---|---|
| Plaintiff, | ORDER REMANDING CASE TO UNITED STATES CITIZEN AND IMMIGRATION SERVICES |
| vs. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director; and PAUL PIERRE, District Director, United States Citizenship and Immigration Services, | |
| Defendants. | |

HAYES, Judge:

Pending before the Court is Defendants' motion to dismiss or remand. (Doc. # 7). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**BACKGROUND**

Plaintiff Changyi Yang is a citizen of China, and has been a lawful permanent resident of the United States since April 2001. *Complaint*, ¶¶ 3, 15. In February 2006, Plaintiff applied to the United States Citizenship and Immigration Services (CIS) for naturalization, and on June 29, 2006, Plaintiff successfully passed her naturalization interview. *Compl.*, ¶ 16. Though Plaintiff meets all statutory requirements for naturalization, CIS failed to adjudicate Plaintiff's application for naturalization within 120 days of Plaintiff's naturalization interview. *Compl.*, ¶ 17, 19, 20. CIS informed Plaintiff that it could not adjudicate her application because her background check was not complete. *Compl.*, ¶ 18.

1  Defendant Michael Chertoff is the Director of the Department of Homeland Security (DHS).
2  *Compl.*, ¶ 4.  DHS is responsible for implementing the Immigration and Nationality Act (INA).
3  *Compl.*, ¶ 4.  CIS is an agency within DHS, and CIS implements those parts of the INA which allow
4  lawful permanent residents to become naturalized.  *Compl.*, ¶ 4.   Defendant Emilio T. Gonzalez is
5  the director of CIS, and Defendant Paul M. Pierre is CIS's San Diego District Director. *Compl.*, ¶ 5-6.
6  On February 6, 2007, Plaintiff filed the Complaint in this matter.  (Doc. # 1).  Plaintiff seeks
7  an order requiring Defendants to promptly adjudicate Plaintiff's application for naturalization and an
8  award of reasonable fees and costs pursuant to the Equal Access to Justice Act.  *Compl.*, ¶ 24.  On
9  April 12, 2007, Defendants moved to dismiss or remand Plaintiff's Complaint for lack of subject
10 matter jurisdiction and failure to state a claim upon which relief can be granted.  (Doc. # 7).

## DISCUSSION

12 Defendants move to dismiss on the grounds that the Court lacks subject matter jurisdiction
13 because CIS has not completed its "examination" of Plaintiff's application.  In the alternative,
14 Defendants move to remand on the grounds that CIS cannot adjudicate Plaintiff's application until the
15 Federal Bureau of Investigation (FBI) completes Plaintiff's background check.  If this Court chooses
16 to remand the matter back to CIS with instructions to adjudicate Plaintiff's application, Defendants
17 contend that the Court should not set a specific deadline for adjudication.

18 Plaintiff contends that the Court has jurisdiction over the Complaint pursuant to 8 U.S.C. §
19 1447(b). Specifically, Plaintiff contends that the Court of Appeal for the Ninth Circuit has interpreted
20 8 U.S.C. § 1447(b) as investing jurisdiction upon the district court whenever CIS fails to adjudicate
21 an application for naturalization within 120 days from the date that CIS interviews the applicant.
22 Plaintiff contends that remand is inappropriate because Defendants should not be able to stall
23 Plaintiff's application indefinitely. If this Court chooses to remand the matter, Plaintiff requests that
24 the Court set a specific deadline for adjudication of her application.

**I. Subject Matter Jurisdiction Pursuant to 8 U.S.C. § 1147(b)**

26 8 U.S.C. § 1446 charges CIS with investigating and adjudicating naturalization applications.
27 *See, e.g.,* 8 U.S.C. § 1446(a).  As part of that process, 8 U.S.C. § 1446(b), provides for the
28 "examination" of applicants.  8 U.S.C. § 1446(b) provides that:

> The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee . . . is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths . . . and to require by subpoena the attendance and testimony of witnesses . . . . Any such employee shall, at the examination, inform the applicant of the remedies available to the applicant under section 1447 of this title.

Pursuant to 8 U.S.C. § 1447(b), CIS's examination of an applicant triggers a 120-day period during which CIS has exclusive jurisdiction to adjudicate a naturalization application. However, "[i]f there is a failure to make a determination under [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court . . . for a hearing on the matter." 8 U.S.C. § 1447(b). If CIS fails to act within 120 days of the examination and the applicant properly invokes the district court's authority, the district court obtains "exclusive jurisdiction" over the matter. *United States v. Hovsepian*, 359 F.3d 1144, 1164 (2004).

Defendants contend that the word "examination," as used in 8 U.S.C. §§ 1446 and 1447, refers to an ongoing process, and not just to the applicant interview. Defendants further contend that Plaintiff's examination is still ongoing because the FBI has not completed Plaintiff's background check, and that therefore this Court does not have subject matter jurisdiction. Defendants contend that the word "examination" as used in the statutes is ambiguous, and that CIS's March 27, 2007 interpretation of "examination" as a "process" is entitled to deference. Def. Mot. to Dismiss at Ex. B. Plaintiff contends that a majority of courts have concluded that "examination" is equivalent to "interview," and further, that more than 120 days have elapsed since she passed and completed her June 29, 2006 interview and examination.

Defendants' arguments with respect to the word "examination" have been rejected by a majority of district courts. *See El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 680-83 (W.D. Pa. 2005); *Lifshaz v. Gonzales*, No. C06-1470MJP, 2007 U.S. Dist. LEXIS 28946, *4-5 (W.D. Wash. Apr. 19, 2007); *Al-Kudsi v. Gonzales*, CV.05-1584-PK, 2006 U.S. Dist. LEXIS 16761, * 4-7 (D. Or. Mar. 22, 2006); *Stepchuk v. Gonzales*, No. C06-570RSL, 2006 WL 3361776, *2 (W.D. Wash. Nov. 17, 2006); *but see Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443-45 (E.D. Va. 2005); *Kitilya v. Gonzales*, No. ED CIV 06-1328-VBF (OPx), 2007 U.S. Dist. LEXIS 34151, *3-6 (E.D. Cal. Mar. 27, 2007).

1  Furthermore, the Court of Appeal for the Ninth Circuit treated "examination" as synonymous with
2  "interview" in *United States v. Hovsepian*, 359 F.3d 1144, 1151-52, 1159-60 (9th Cir. 2004).
3  Accordingly, and notwithstanding any deference which CIS's March 27, 2007 interpretation of
4  "examination" might warrant, the Court concludes that "examination," as used in 8 U.S.C. §§1446 and
5  1447, is synonymous with "interview." *See Ghazal v. Gonzales*, No. 06CV2732-LAB (NLS), 2007
6  U.S. Dist. LEXIS 43602 (S.D. Cal. Jun. 14, 2007); *Gonzales v. Gonzales*, No. 07CV124 JM (AJB),
7  2007 U.S. Dist. LEXIS 39998 (S.D. Cal. May 31, 2007).  The Court concludes that this interpretation
8  of "examination" is consistent with the plain language of the statute, the entirety of the statutory
9  scheme, 8 C.F.R. §§ 335.1, 335.2, and 335.3, and the majority of the case law. *See El-Daour*, 417 F.
10 Supp. 2d. at 680-83.

11 CIS interviewed Plaintiff with respect to her application for naturalization on June 29, 2006,
12 and since that time Defendants have not adjudicated Plaintiff's application.  As more than 120 days
13 have elapsed between Plaintiff's interview and the filing of this Complaint, the Court concludes that
14 it has subject matter jurisdiction.

15 **II. District Court's Power to Adjudicate Application for Naturalization or Remand to CIS**

16 Where a district court has subject matter jurisdiction over an application for naturalization
17 pursuant to 8 U.S.C. § 1447(b), the district court may either (1) determine the matter by making a
18 decision on the naturalization application, or (2) remand the matter with appropriate instructions to
19 CIS. *Hovsepian,* 359 F.3d at 1160 (9th Cir. 2004); *see also Ghazal*, No. 06CV2732-LAB (NLS), 2007
20 U.S. Dist. LEXIS 43602, *8-9 (S.D. Cal. Jun. 14, 2007).  "Generally speaking, a court . . .should
21 remand a case to an agency for decision of a matter that statutes place primarily in agency hands," and
22 "[i]n immigration matters, the executive branch is accorded great deference, as evidenced by the
23 statutory and regulatory schemes established for processing citizenship applications." *Ghazal*, No.
24 06CV2732-LAB (NLS), 2007 U.S. Dist. LEXIS 43602, *8-9 (S.D. Cal. Jun. 14, 2007) (citations
25 omitted).  When CIS's delay in adjudicating an application for naturalization results from the FBI's
26 investigative process, "it is inappropriate to make a citizenship determination before [the FBI's]
27 information is known, absent abusive or egregious circumstances." *Id.*, *citing Khelifa v. Chertoff*, 433
28 F. Supp. 2d 836, 843-45 (E.D. Mich. 2006).

It is apparent that the delay in CIS's adjudication of Plaintiff's application for naturalization is attributable to the FBI's delay in processing Plaintiff's background check. The Court also recognizes that FBI investigation delays have increasingly attributed to delays in adjudication of naturalization applications. *See Ghazal*, No. 06CV2732-LAB (NLS), 2007 U.S. Dist. LEXIS 43602, *7 (S.D. Cal. Jun. 14, 2007). However, this Court agrees with the reasoning in *Ghazal*, that "[n]either the CIS nor the district court is sufficiently informed to decide an application until the FBI completes the required criminal background check to determine whether an applicant presents any national security or public safety risk, nor are [CIS and the district court] equipped to conduct such investigations themselves." *Ghazal*, No. 06CV2732-LAB (NLS), 2007 U.S. Dist. LEXIS 43602, *7, 9 (S.D. Cal. Jun. 14, 2007), *citing El-Daour*, 417 F. Supp. 2d at 684; *see also* 8 C.F.R. § 335.2 (requiring CIS to examine an applicant only after the FBI completes its background check). Accordingly, and after review of the parties' arguments, the Court concludes that remand of this matter is appropriate here.

As "only the FBI and the CIS are in a position to know what resources are available to conduct" a background check and whether "an expedited background check is feasible or efficient in a particular case," the Court declines to impose deadlines for completion of the FBI background check and adjudication of the application in this case. *Ghazal*, No. 06CV2732-LAB (NLS), 2007 U.S. Dist. LEXIS 43602, *7, 9 (S.D. Cal. Jun. 14, 2007), *citing Shalabi v. Gonzales*, No. 4:06CV866 RWS, 2006 U.S. Dist. LEXIS 77096, *5 (E.D. Mo. Oct. 23, 2006).

## CONCLUSION

Defendants' motion to remand (Doc. # 7) is GRANTED.

This matter is hereby remanded to CIS with instructions that CIS adjudicate Plaintiff's application for naturalization as expeditiously as possible after the FBI's completion of Plaintiff's background check.

**IT IS SO ORDERED**.

DATED: June 25, 2007

                                                  **WILLIAM Q. HAYES**
                                                  United States District Judge